(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
DAVID THOMAS,                       :
                                    :
       Plaintiff,                   :   Civil No. 06-1539 (RBK)
                                    :
       v.                           :   **OPINION**
                                    :
JOHN ROBERTSHAW, et al.,            :
                                    :
       Defendants.                  :
_____ :

**KUGLER**, United States District Judge:

    Presently before the Court is a motion to dismiss, or in the alternative, for summary judgment, by defendants John Robertshaw ("Robertshaw"), Ray Hughes ("Hughes"), and Larry Denney ("Denney") (collectively "Defendants") on the claims of plaintiff David Thomas ("Plaintiff"). For the reasons that follow, Defendants' motion will be granted in part and denied in part.

**I.    BACKGROUND**

    Plaintiff submitted a complaint on March 31, 2006, naming Robertshaw, Hughes, Denney, and Devon Brown as defendants. On April 7, 2006, this Court granted Plaintiff's application to proceed <u>in forma pauperis</u> and his complaint was filed that day. This Court further ordered that the claim against defendant Devon Brown be dismissed without prejudice. At the

1

time that he initiated this action, Plaintiff was incarcerated at Mid-State Correctional Facility ("MSCF") in Wrightstown, New Jersey. Defendants are all employed at MSCF. In his complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that during his incarceration, Defendants violated his constitutional rights by failing to comply with a medical order that allowed Plaintiff to purchase his own footwear.

Specifically, Plaintiff alleges that on July 15, 2005, he was provided with a medical order by Dr. Narshima Reddy, allowing him to purchase his own sneakers. Plaintiff claims that his subsequent attempt to obtain such sneakers was denied. Plaintiff alleges that on August 2, 2005, he filed an administrative remedy form in an attempt to resolve this matter, and that on August 11, 2005, he received a response from Hughes, stating that Plaintiff's medical record did not reflect a need for sneakers. Plaintiff attaches to his complaint, <u>inter alia</u>, Dr. Reddy's order, stating that Plaintiff should be allowed to purchase his "own supportive sneakers," and the administrative remedy form referenced above, along with Hughes's response.

## II.   STANDARD

Defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, summary judgment pursuant to Fed. R. Civ. P. 56. As Defendants rely on materials outside the pleadings, dismissal under Rule 12 is inappropriate. <u>See</u> <u>Fagin v. Gilmartin</u>, 432 F.3d 276, 280 (3d Cir. 2005) ("Federal Rule of Civil Procedure 12(b) requires conversion from a motion to dismiss to a motion for summary judgment when materials outside the pleadings are considered."). Therefore, Defendants' motion will be treated as one for summary judgment. As the motion is framed as such in the alternative, Plaintiff is deemed to have notice that the motion

will be treated as one for summary judgment. Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996).

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III.     DISCUSSION**

    A.     <u>Qualified Immunity Framework</u>

Government officials who are accused of violating a person's constitutional rights while performing discretionary functions are entitled to qualified immunity. Qualified immunity shields officials "from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). This analysis is two-fold. First, the court is to assess whether the facts as alleged by the plaintiff amount to a constitutional violation. If this test is met, the court then determines whether the right is "clearly established." <u>Saucier v. Katz</u>, 533 U.S. 194, 200-01 (2001); <u>Kopec v. Tate</u>, 361 F.3d 772, 775-76 (3d Cir. 2004). In other words, before engaging in a determination of whether a right is clearly established, the court must first determine whether a constitutional violation has occurred, because "[i]f the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." <u>Id</u>. at 776 (quoting <u>Bennett v. Murphy</u>, 274 F.3d 133, 136 (3d Cir. 2002)). Therefore, this Court must first assess the claims made by Plaintiff to determine whether they amount to a violation of his constitutional rights. Only if such a finding is made does this Court then proceed to analyze whether the right violated was clearly established.

    B.     <u>Constitutional Violation</u>

While Plaintiff's complaint does not specifically state the rights that he alleges Defendants to have violated, the substance of the complaint makes clear that Plaintiff's claim constitutes allegations that Defendants violated his rights as guaranteed by the Eighth Amendment to the United States Constitution, as Plaintiff alleges that Defendants' actions

4

constituted a violation of his constitutional rights by depriving him of medical equipment.

To set forth an Eighth Amendment violation based on a denial of medical care, Plaintiff must show that Defendants acted with deliberate indifference to his serious medical needs. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This indifference can exist on the part of prison officials who "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." Id. at 104-05.

The Third Circuit has held that a medical need is deemed to be serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347 (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)).  It noted that an inquiry into the effect of a denial of treatment can be used as an alternative to this test, and is not necessary if the above test has been met.  See Lanzaro, 834 F.2d at 347 ("The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment.") (emphasis added).  The Third Circuit has cited with approval other Courts of Appeals that have held that a refusal to provide medical care – or even a delay in providing such care – constitutes deliberate indifference.  Id. at 346-47 (citing Ancata v. Prison Health Services, 769 F.2d 700, 704 (11th Cir. 1985); Archer v. Dutcher, 733 F.2d 14 (2d Cir. 1984); Robinson v. Moreland, 655 F.2d 887, 889-90 (8th Cir. 1981); Todaro v. Ward, 565 F.2d 48, 53 (2d Cir. 1977)).

The documentation provided by Plaintiff makes clear that Dr. Reddy advised that Plaintiff be able to order his own sneakers.  Defendants argue that even if Plaintiff were to have been denied these sneakers, the depravation does not amount to a violation of his constitutional rights.

5

Moreover, Defendants argue that the medical order submitted by Plaintiff with his request for sneakers was insufficient to establish a medical justification. This Court disagrees. Taking the facts in a light most favorable to Plaintiff, these circumstances meet the threshold for showing the depravation of a "serious medical need" set forth in Lanzaro, as a medical order exists reflecting a medical professional's opinion that Plaintiff be allowed to acquire alternate footwear. Given that the effect of this depravation is not a necessary consideration, this Court need not look to the severity of any injuries subsequently suffered by Plaintiff. Plaintiff has set forth sufficient facts that would allow a factfinder to conclude that the requested footwear constituted a medical need and that he was subsequently denied from being able to obtain it. See Williams v. Santiago, No. 04-5097, 2006 U.S. Dist. LEXIS 68975 (D.N.J. Sept. 22, 2006).

However, Plaintiff must also show that each defendant acted with deliberate indifference, in that he intentionally deprived Plaintiff of this medical care, rather than acting inadvertently or in a merely negligent fashion. Estelle, 429 U.S. at 105-06. Moreover, insofar as Plaintiff alleges liability on behalf of supervisors, he must show that each supervisory defendant, inter alia, "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. v. Luzerne County Juvenile Detention Center, 372 F.3d 572, 586 (3d Cir. 2004). Such allegations "must be made with appropriate particularity." Manasco v. Rogers, 2006 U.S. Dist. LEXIS 62530, at *15 (D.N.J. Sept. 1, 2006) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988)).

    1.    Defendant Hughes

Plaintiff attaches to his complaint the response written by Hughes, an assistant administrator at MSCF, to Plaintiff's administrative remedy form. Plaintiff's remedy form

clearly states that Plaintiff had received a medical order from Dr. Reddy to purchase sneakers and that the storekeeper had denied Plaintiff's request. Hughes's response states that "[t]here is no reason noted in your medical record to justify need for sneakers, Rydell or otherwise. You will be referred to the site medical doctor for further eval." (Compl. at 34.) This documentation clearly suffices in showing that Hughes was aware of Dr. Reddy's medical order. Given this knowledge, Hughes's actions are properly characterized as intentional, therefore rising to the level necessary for deliberate indifference.

### 2. Defendants Robertshaw and Denney

Plaintiff alleges liability on behalf of Robertshaw, the Administrator of MSCF, and Denney, the business manager of MSCF. Plaintiff claims that Robertshaw is liable, as he "had the responsibility to resolve this matter by complying with the medical order from Dr. Narsimha Reddy." (Compl. at 5.) Plaintiff further claims that Denney is liable because he initially deducted money from Plaintiff's account to pay for the sneakers, but then returned Plaintiff's money after the order was denied.

These allegations are insufficient to show liability on behalf of either Robertshaw or Denney. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode, 845 F.2d at 1207. Plaintiff has neither alleged any facts nor provided any documentation to show that either Robertshaw or Denney was personally involved in the decision to deny him the footwear that he requested. Accordingly, Plaintiff's claims as to these defendants will be dismissed.

### C. Whether the Right was Clearly Established

Since Plaintiff has alleged sufficient facts to substantiate a claim of an Eighth

Amendment violation against Hughes, this Court must progress to the second prong of the qualified immunity analysis and determine whether the right was clearly established. The Supreme Court has determined that such a finding hinges on "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202.

Given the allegations made and substantiated by Plaintiff, Hughes was aware of Dr. Reddy's medical order and Plaintiff's subsequent inability to acquire the requested footwear. Given further the Third Circuit's holding in Lanzaro, decided nearly 20 years ago, Hughes had the requisite awareness that denying an inmate treatment ordered by a medical professional can be construed as constituting a violation of that inmate's Eighth Amendment rights. Accordingly, this Court finds that Plaintiff's right was clearly established, and subsequently holds that Hughes is not entitled to an award of summary judgment based on a defense of qualified immunity.

## IV.  CONCLUSION

Based on the foregoing reasoning, the Court will grant in part and deny in part Defendants' motion for summary judgment. This Court will grant Defendants' motion as to defendants Robertshaw and Denney, and deny Defendants' motion as to defendant Hughes. An accompanying Order shall issue today.

Dated: May 22, 2007                                         s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge