(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
DAVID THOMAS, :
:
        Plaintiff, :   Civil No. 06-1539 (RBK)
:
        v. :   **OPINION**
:
JOHN ROBERTSHAW, et al., :
:
        Defendants. :
_____ :

**KUGLER**, United States District Judge:

    Presently before the Court is a motion to dismiss or in the alternative, for summary judgment by Defendant Ray Hughes ("Hughes") on the claims of Plaintiff David Thomas ("Plaintiff") brought pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated, and his allegations stem from Hughes denying Plaintiff footwear that Plaintiff asserts was medically necessary. For the reasons that follow, Hughes' motion will be granted.

**I.    BACKGROUND**

    The events about which Plaintiff complains occurred while he was an inmate at Mid-State Correctional Facility ("MSCF") in Wrightstown, New Jersey. Hughes is an assistant administrator at MSCF. Plaintiff alleges that during his incarceration, Hughes violated his constitutional rights by failing to comply with a medical order that allowed Plaintiff to purchase nonstandard footwear.

Specifically, Plaintiff alleges that on July 15, 2005, he was provided with a medical order by Dr. Narshima Reddy allowing him to purchase his own sneakers, instead of the standard issue shoes available through the commissary. Plaintiff claims that his subsequent attempt to obtain his own sneakers was denied. Plaintiff alleges further that on August 2, 2005, he filed an administrative remedy form in an attempt to resolve this matter, and that on August 11, 2005, he received a response from Hughes, stating that Plaintiff's medical record did not reflect a need for sneakers. Plaintiff attaches to his complaint Dr. Reddy's order, stating that Plaintiff should be allowed to purchase his "own supportive sneakers," and the administrative remedy form referenced above, along with Hughes' response.

Plaintiff submitted a complaint on March 31, 2006, naming Hughes, John Robertshaw, Larry Denney, and Devon Brown as defendants. On April 7, 2006, this Court granted Plaintiff's application to proceed in forma pauperis and his complaint was filed that day. In addition, this Court ordered that the claim against defendant Devon Brown be dismissed without prejudice. On May 22, 2007, the Court granted summary judgment to Defendants Robertshaw and Denney, leaving Hughes the lone defendant in the case. On November 21, 2007, Hughes filed the present motion seeking to dismiss Plaintiff's complaint or in the alternative, moving for summary judgment. Plaintiff did not file an opposition.

## II.     STANDARD

Hughes moved for dismissal pursuant to Federal Rule of Civil Procedure 12(c) or in the alternative, summary judgment pursuant to Federal Rule of Civil Procedure 56. As Hughes relies on materials outside the pleadings, dismissal under Rule 12 is inappropriate. See Fagin v. Gilmartin, 432 F.3d 276, 280 (3d Cir. 2005) ("Federal Rule of Civil Procedure 12(b) requires

conversion from a motion to dismiss to a motion for summary judgment when materials outside the pleadings are considered."). Therefore, Hughes' motion will be treated as one for summary judgment. As the motion is framed in the alternative, Plaintiff is deemed to have notice that the motion will be treated as one for summary judgment. Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996).

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to

establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In this case, Plaintiff has not opposed Hughes' motion. A plaintiff's failure to oppose summary judgment does not necessarily entitle the defendant to judgment in his favor; rather, for those facts asserted by the defendant and unopposed by the plaintiff, "it is entirely appropriate for this court to treat [such] facts properly supported by the movant to be uncontroverted." Macias v. United States, Civ. No. 05-1445, 2006 U.S. Dist. LEXIS 46652, at *3 n.1 (D.N.J. June 30, 2006) (quoting Talbot v. United States, 05-CV-768, 2005 U.S. Dist. LEXIS 25700, at *2 (D.N.J. Oct. 28, 2005)). This reasoning comports with Federal Rule of Civil Procedure 56(e), which states that "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." See Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). Because the defendant does not bear the ultimate burden of proof, the Court "must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Id.

### III.   DISCUSSION

#### A.   Qualified Immunity Framework

Government officials who are accused of violating a person's constitutional rights while performing discretionary functions are entitled to qualified immunity. Qualified immunity shields officials "from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This analysis is two-fold. First, the court is to assess whether the facts as alleged by the plaintiff amount to a constitutional violation.

If this test is met, the court then determines whether the right is "clearly established." Saucier v. Katz, 533 U.S. 194, 200-01 (2001); Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004). In other words, before engaging in a determination of whether a right is clearly established, the court must first determine whether a constitutional violation has occurred, because "[i]f the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." Id. at 776 (quoting Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002)). Therefore, this Court must first assess Plaintiff's claim to determine whether they amount to a violation of his constitutional rights. Only if such a finding is made does this Court then proceed to analyze whether the right violated was clearly established.

### B. Constitutional Violation

Plaintiff's complaint does not specifically state the rights that he alleges Hughes to have violated. The substance of the complaint, however, makes clear that Plaintiff's claim constitutes an allegation that Hughes violated his rights as guaranteed by the Eighth Amendment to the United States Constitution, because Plaintiff alleges that Hughes' actions amounted to a violation of his constitutional rights by depriving him of medical equipment.

To set forth an Eighth Amendment violation based on a denial of medical care, a plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This indifference can exist on the part of prison officials who "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." Id. at 104-05.

The Third Circuit has held that a medical need is deemed to be serious if it is "one that

has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347 (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)).  The Third Circuit has cited with approval other Courts of Appeals that have held that a refusal to provide medical care—or even a delay in providing such care—constitutes deliberate indifference. Id. at 346-47 (citing Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985); Archer v. Dutcher, 733 F.2d 14 (2d Cir. 1984); Robinson v. Moreland, 655 F.2d 887, 889-90 (8th Cir. 1981); Todaro v. Ward, 565 F.2d 48, 53 (2d Cir. 1977)).

Plaintiff attaches to his complaint documentation demonstrating that Dr. Reddy advised that Plaintiff be able to order his own sneakers.  In support of Hughes' summary judgment motion, however, Hughes proffers the Declaration of Dr. Reddy in which Dr. Reddy avers, "at no time did I deem it medically necessary for Thomas to have any special footwear ordered for him."  Indeed, she states that she provided the order that he be permitted to buy alternative footwear merely "as a courtesy to Thomas."  Because Plaintiff has not opposed Hughes' motion, the Court must accept this evidence as uncontroverted.  Therefore, Plaintiff cannot establish that he had a medical need that was "diagnosed by a physician as requiring treatment," and hence he fails to show he had a "serious medical need" meriting protection under the Eighth Amendment. See Lanzaro, 834 F.2d at 347.

Since Plaintiff cannot establish that he experienced a serious medical need for the sneakers, the Court need not decide whether Hughes acted with deliberate indifference by intentionally depriving Plaintiff of medical care.  Nor is it necessary to advance to the second step of the qualified immunity analysis and evaluate whether the Hughes violated a right that was

clearly established.  Plaintiff has failed to set forth a constitutional violation, and therefore, Hughes is entitled to qualified immunity.  The Court will award Hughes summary judgment on Plaintiff's Eighth Amendment claim.

## IV.  CONCLUSION

Based on the foregoing reasoning, the Court will grant Hughes' motion for summary judgment.  An accompanying Order shall issue today.


Dated: 6-9-08                                                                                    s/ Robert B. Kugler
                                                                                               ROBERT B. KUGLER
                                                                                               United States District Judge